Pearson, J.
 

 .His Honor charged “that the jury had not
 
 *384
 
 only to be satisfied of the speaking of the words, but that the plaintiff was physically capable of committing the crime; that is, was fourteen years of age for this the plaintiff excepts. There is error. There is no averment in the declaration, of the plaintiff’s age or physical ability to commit the crime. The averment is, that the defendant charged him with its commission ; a party is never bound to prove more than it is necessary for him to aver.
 

 Had the words spoken by the defendant conveyed the idea, that the plaintiff was not physically capable of committing the crime, he would not have had a cause of action ; as if the defendant when he made the charge had added, “ and but for his being under the age of fourteen, his life would pay for it because this explains away the legal effect of the charge, and relieves the plaintiff from all fear or apprehension of his being prosecuted, which is the gound for making words, charging the commission of an infamous crime, actionable, without proof of special damage. "We suppose his Honor, in coming to the conclusion, that the plaintiff must prove that he was fourteen years of age, and physically capable of committing the crime, had some vague reference to this doctrine, and did not attend to the distinction between words which positively charge the commission of .a crime, and words which explain away the charge, and show that in fact no crime had been committed ; so as not to subject the party to any fear or apprehension of a prosecution.
 

 In
 
 Sugart
 
 v.
 
 Carter,
 
 1 Dev. and Bat. 8, it is held, that the plaintiff may recover for words charging murder, although the defendant on the trial shows that the person alleged to have been killed is still alive. This' case is in point; for it was physically impossible for the crime to have been committed : but that fact -was not made known at the time the words were spoken, and proof of it on the trial, was not. allowed to defeat the action, because the injury had already been inflicted. The “actionable quality of words must depend upon the fact whether the hearers were aware that the person alleged to be murdered was really alive.”
 

 
 *385
 

 McDonald
 
 v.
 
 Murchison,
 
 1 Dev. Rep. 7, is also in point: in an action for words, charging the plaintiff with perjury in a particular suit, be is not bound to produce the record of that suit, because his declaration does not aver its existence, and it makes no difference whether there ever was any such a suit or not; as the words make a positive charge of the commission of a crime, and it is not necessary for the plaintiff to produce the record, in order to show that the commission of the crime was physically possible.
 

 Pee Cuexam.
 
 Venire de novo.